IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CARL STAHULAK and<br>LINDA STAHULAK,<br><br>   Plaintiffs,<br><br>v.<br><br>U-HAUL INTERNATIONAL, INC., and<br>GEICO MARINE INSURANCE<br>COMPANY,<br><br>   Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 3:24-cv-825<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, GEICO Marine Insurance Company ("GEICO"), by its undersigned attorneys, hereby removes this action from the Superior Court of LaPorte County, State of Indiana, to this Court. This Court has subject matter jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). In support of its removal, GEICO states as follows:

### INTRODUCTION

1. Removal to federal court under 28 U.S.C. § 1441 is proper based on diversity jurisdiction. GEICO's Notice of Removal is timely, complying with 28 U.S.C. § 1446. Facts presented establish that the amount in controversy is greater than $75,000. Additionally, diversity of citizenship is satisfied as Plaintiffs are citizens of Illinois, while U-Haul International, Inc. is a citizen of Nevada and Arizona and GEICO is a citizen of Nebraska and Virginia. As such, diversity jurisdiction exists under 28 U.S.C. § 1332(a) and removal to federal court is proper under 28 U.S.C. § 1441.

2. Pursuant to 28 U.S.C. § 1333, this Court would have had subject matter jurisdiction over the State Court Action if the matter had originally been brought in federal court because this is an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and, together with diversity, is removable.

## FACTUAL BACKGROUND

3. On or about February 16, 2022, Plaintiffs, Carl Stahulak and Linda Stahulak (hereinafter "Plaintiffs") filed a lawsuit against U-Haul International, Inc. ("U-Haul") in the Superior Court of LaPorte County, State of Indiana, Cause Number 46DO1-2202-CT-000215 (the "State Court Action"). *See* Plaintiff's Complaint at Law, attached hereto as **Exhibit 1**.

4. U-Haul was served with the summons and complaint in the State Court Action.

5. On or about April 8, 2024, Plaintiffs filed their First Amended Complaint against U-Haul and GEICO, naming GEICO as a defendant for the first time. *See* Alias Summons and Plaintiff's First Amended Complaint at Law, attached hereto as **Exhibit 2**.

6. GEICO was served with the summons and complaint in the State Court Action on September 17, 2024.

7. GEICO has not pleaded or answered in the State Court Action.

## JURISDICTIONAL BASIS

8. 28 U.S.C. § 1441 provides in pertinent part as follows:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Removal based on diversity of citizenship.

…

(2)     A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441.

9.     Under 28 U.S.C. § 1441, an action originally filed in state court may be properly removed to federal court if the case is within the federal court's diversity jurisdiction under 28 U.S.C. § 1332(a).

10.     Pursuant to 28 U.S.C. § 1332(a), "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different states."

**A. Amount in Controversy**

11.     The State Court Action alleges a Breach of Contract, Bad Faith/Breach of Covenant of Good Faith, and Intentional Infliction of Emotional Distress against GEICO. *See* Exhibit 2.

12.     Count I (Breach of Contract) of the State Court Action alone demands reimbursement in the amount of $102,000.00, in addition to reasonable compensatory and consequential damages, recoverable pre- and post-judgment interest, and reasonable attorney fees and costs. *See* Exhibit 2.

13.     Count II (Bad Faith) demands similar damages, while Count III (Intentional Infliction of Emotional Distress) demands expenses emanating from the repair of the boat, treble damages, attorney fees, and all expenses. *See* Exhibit 2.

14.     Based on the facts of the First Amended Complaint, the amount in controversy "exceeds the sum or value of $75,000" pursuant to 28 U.S.C. § 1332(a).

15. Accordingly, the amount in controversy requirement for diversity jurisdiction is satisfied.

### B. Complete Diversity of Citizenship

16. This action involves a controversy between parties that are citizens of different states.

#### i. Plaintiffs are citizens of Illinois.

17. For individuals, "[c]itizenship means domicile (the person's long-term plan for a state of habitation) rather than just current residence." *Myrick v. Wellpoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014).

18. Plaintiffs Carl and Linda Stahulak are residents in Will County, State of Illinois. *See* Exhibit 2, ¶ 1.

19. As such, Plaintiffs are deemed citizens of the State of Illinois for purposes of establishing diversity jurisdiction.

#### ii. U-Haul is a citizen of Nevada and Arizona.

20. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

21. U-Haul International Inc. is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business in the State of Arizona. As such, U-Haul is a citizen of Nevada and Arizona.

#### iii. GEICO is a citizen of Nebraska and Virginia.

22. GEICO is a corporation organized and existing under the laws of the State of Nebraska, with its principal place of business in the State of Virgina. As such, GEICO is a citizen of Nebraska and Virginia.

23. Given that the Plaintiffs in this action are citizens of Illinois, Defendant U-Haul is a citizen of Nevada and Arizona, and Defendant GEICO is a citizen of Nebraska and Virginia, complete diversity exists between the parties and this Court may properly exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

24. As diversity jurisdiction exists under to 28 U.S.C. § 1332(a)(1), original jurisdiction exists in this Court pursuant to 28 U.S.C. § 1441(a) and removal to this Court is proper under to 28 U.S.C. § 1441.

25. Pursuant to 28 U.S.C. § 1333, this Court would have had subject matter jurisdiction over the State Court Action if the matter had originally been brought in federal court because this is an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and, together with diversity, is removable.

## MARITIME AND ADMIRALTY JURISDICTION

26. In addition to diversity jurisdiction, this Court also has original jurisdiction over this case because it arises under Plaintiffs' claim for insurance under a maritime policy issued by GEICO. *See e.g., Markel American Ins. Co. v. Vantage Yacht Club, LLC*, 158 F.Supp.3d 699, 701 (N.D. Ill. 2016) ("The Court has subject matter jurisdiction over this action under 'admiralty or maritime jurisdiction,' 28 U.S.C. § 1333(1), because the claim involves a 'standard marine insurance policy'"); *St. Paul Ins. Co. of Ill. v. Great Lakes Turnings, Ltd.*, 829 F. Supp. 982, 984 (N.D. Ill.1993) ("It is undisputed that marine contracts, including marine insurance contracts, fall under federal admiralty jurisdiction in Article 3, Section 2 of the United States Constitution.").

Thus, in addition to diversity jurisdiction, this Court has original admiralty and maritime jurisdiction over this matter.

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1446 ARE SATISIFIED

27.  GEICO is entitled to removal of the State Court Action to this Court because all statutory procedural requirements for removal have been satisfied. 28 U.S.C. § 1446 provides that:

(a) **Generally.** A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal … containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) **Requirements; generally**.
  (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …

  (2) (A) When a civil action is removed solely under section 1441(a) [28 U.S.C. § 1441(a)], all defendants who have been properly joined and served must join in or consent to the removal of the action.

…

  (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

…

(d) **Notice to adverse parties and State court.** Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446.

### A. Removal Is Timely

28. The First Amended Complaint naming GEICO in the State Court Action was filed on April 8, 2024. Complaint, Exhibit 2 (bearing the court's time stamp reading "Filed 4/8/2024 10:27 AM"). GEICO was served with notice of the State Court Action on September 17, 2024, via certified mail. GEICO has filed its Notice of Removal within thirty (30) days of service. Thus, this Notice of Removal is timely filed.

### B. Venue Is Proper

29. Venue is proper in this Court as the Superior Court of LaPorte County, State of Indiana, is located within the Northern District of Indiana. *See* 28 U.S.C. §§ 94(a)(2) ("The Northern District [of Indiana] comprises… the count[y] of… La Porte…"), 1446(a) ("A defendant… shall file in the district court of the United States for the district and division within which such action is pending a notice of removal ….").

### C. State Court Filing

30. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders, and documents served upon or by GEICO in the State Court Action are attached hereto as Exhibit 2.

### D. Written Notice of Removal

31. Counsel for GEICO certifies, pursuant to 28 U.S.C § 1446(d), that a copy of this Notice of Removal is being served upon all other parties.

### E. Consent of All Defendants

32. Counsel for U-Haul consents to the removal of the State Court Action, even though U-Haul, as the earlier-served defendant, did not previously initiate removal. As such, the requirements under 28 U.S.C §§ 1446(b)(2)(A) and 1446(b)(2)(C) are satisfied.

## CONCLUSION

33. For the reasons stated above, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) and this action is removable pursuant to 28 U.S.C. § 1441(a).

## NOTICE TO STATE COURT AND OTHER PARTIES

34. Counsel for GEICO certifies, pursuant to 28 U.S.C. § 1446(d), that a Notice of Filing of Notice of Removal is being filed with the Superior Court of LaPorte County, State of Indiana, and written notice is being provided to all other parties.

**WHEREFORE**, the above-described action pending in of the Superior Court of LaPorte County, State of Indiana, is hereby removed to the United States District Court for the Northern District of Indiana.

Dated: October 7, 2024

Respectfully Submitted,

**GEICO MARINE INSURANCE COMPANY**

By: /s/ James R. Byron
James R. Byron
Thorne Grodnik, LLP
228 West High Street
Elkhart, IN 46516
574-294-7473 (Phone)
574- 294-5390 (Facsimile)
jbyron@tglaw.us

By: /s/ Shari L. Friedman
Shari L. Friedman (6193095)
Marwedel. Minichello & Reeb, P.C.
303 W. Madison Street, Suite 1100
Chicago, IL 60606
312.445.5316
sfriedman@mmr-law.com