Filed: 2/16/2022 2:13 PM
Clerk
LaPorte County, Indiana
LaPorte Superior Court 1

| STATE OF INDIANA | ) | IN THE LAPORTE COUNTY COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF LAPORTE | ) | |

| | | |
|---|---|---|
| CARL STAHULAK, LINDA STAHULAK | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CAUSE NUMBER: |
| VS | ) | |
| | ) | 46D01-2202-CT-000215 |
| U-HAUL INTERNATIONAL, INC. | ) | |
| Defendant, | ) | |

# COMPLAINT

Comes now the Plaintiffs, CARL STAHULAK and LINDA STAHULAK through their legal counsel, Dogan and Dogan, Attorneys at Law, Matthew B. Dogan appearing, and files their legal complaint against the Defendant U-Haul, and in support thereof allege and state the following:

## COUNT ONE

### ACTION FOR DAMAGES RESULTING FROM PROPERTY DAMAGE

The following facts are common to all counts of Plaintiff's Complaint as expressed herein:

1. The Plaintiffs are the rightful owners of a forty-two-foot Sea-Ray named La Vita. At all relevant times herein, the boat at issue was stored outside in dry dock for the upcoming winter months at Trail Creek Marina located at 700 E. Michigan Blvd., Michigan City, Indiana.

2. On Thursday, November 4, 2021, the Plaintiffs' boat was struck by the upper portion of the box attached to a U-Haul vehicle.

3. The impact of the crash caused the boat to fall from the jack stands supporting the vessel onto the concrete parking lot and caused at least one jack stand to puncture the hull of the boat.

4. The boat sustained multiple severe damages including damage to the propellers, the hull, the rudders, the struts, the engines, the shafts, the stringers, and many other possible damages.

5. The boat was clearly struck by a vehicle as glass from the crash was embedded in the anchor mounted on the bow of the boat.

6. The driver of the U-Haul vehicle fled the scene of the accident.

7. The Plaintiffs were informed of the accident by the Harbor Master at Trail Creek Marina and were in no way comparatively nor contributively liable for the accident.

8. U-Haul has been notified of the incident involving their truck and have not assisted in the investigation of the incident in any measurable capacity.

9. Mr. and Mrs. Stahulak incurred great damages due to the Defendant's conduct.

WHEREFORE, Plaintiffs, Carl and Linda Stahulak, pray for all damages owed due to the defendant's conduct, replacement of their property, and for all other just and proper relief in the premises.

## COUNT TWO

## ACTION FOR CONVERSION

1-9. Plaintiff hereby incorporates the allegations in rhetorical paragraphs one through nine of Plaintiff's Complaint as rhetorical paragraphs one through nine of Count Two of Plaintiff's Complaint.

10. Said actions by the defendant constitute the tort conversion and/or criminal conversion pursuant to Ind. Code 35-43-4-3. "A person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion. Ind. Code 35-43-4-3. A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so. I.C. 35-41-2-2(b)." *Computers Unlimited v. Midwest Data Systems*, 657 N.E.2d 165, 170 (Ind. Ct. App. 1995). U-Haul and/or its renter caused the U-Haul vehicle to make unauthorized control over the property of the Stahulak's and caused irreparable damage to their property.

11. Given the facts of the accident and the nature of the damage inflicted upon the Stahulak's property, the driver of the U-Haul vehicle at issue certainly knew his or her vehicle made impact with the Stahulak's property. This impact was not authorized and caused irreparable, permanent damage to the Stahulak's property. U-Haul is also aware which vehicle made contact with the Stahulak's property as damage to the U-Haul truck would have been apparent.

WHEREFORE, the Plaintiffs, pray for a reimbursement of the expenses emanating from the repair of the boat, for treble damages due to the conduct by U-Haul and/or its renter, for all attorney fees incurred in the prosecution of this action, for all expenses, and for all other just and proper relief in the premises pursuant to Indiana Crime Victim's Relief Act, Ind. Code Ann. § 34-24-3-1.

## COUNT THREE
## CRIMINAL MISCHIEF

1-11. Plaintiffs hereby incorporate the allegations in rhetorical paragraphs one through eleven of Plaintiffs' Complaint as rhetorical paragraphs one through eleven of Count Three of Plaintiff's Complaint.

12. Criminal mischief is committed by a person who:

(1) recklessly, knowingly, or intentionally damages or defaces property of another person without the other person's consent; or

(2) knowingly or intentionally causes another to suffer pecuniary loss by deception or by an expression of intention to injure another person or to damage the property or to impair the rights of another person; commits criminal mischief, a Class B misdemeanor. *Lindsey v. Degroot*, 898 N.E.2d 1251, 1263 (Ind. Ct. App. 2009) ""If a person suffers a pecuniary loss as a result of a violation of IC 35-43 . . . the person may bring a civil action against the person who caused the loss." Ind. Code § 34-24-3-1 (2003)." *Lindsey v. Degroot*, 898 N.E.2d 1251, 1263 (Ind. Ct. App. 2009).

13. The instrumentality owned by U-Haul caused the Stahulaks grave pecuniary loss. U-Haul and/or the driver of the U-Haul truck at issue recklessly physically impacted the Stahulaks' boat causing permanent damage to the vessel.

14. U-Haul has impaired the rights of the Stahulaks by knowingly refraining from participating in the investigation into this accident.

15. U-Haul recklessly permitted a driver to rent their vehicle without proper training in driving a vehicle of its type causing the incident at issue in this Complaint.

WHEREFORE the Plaintiffs, pray for a reimbursement of the expenses emanating from the repair of the boat, for treble damages due to the conduct by U-Haul and/or its renter, for all attorney fees incurred in the prosecution of this action, for all expenses, and for all other just and

proper relief in the premises pursuant to Indiana Crime Victim's Relief Act, Ind. Code Ann. § 34-24-3-1.

## COUNT FOUR

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1-15. Plaintiff hereby incorporates the allegations in rhetorical paragraphs one through fifteen of Plaintiff's Complaint as rhetorical paragraphs one through fifteen of Count Four of Plaintiff's Complaint.

16. Defendant and/or its renter engaged in contact that (1) was extreme and outrageous, (2) was intentional and reckless, (3) and caused severe emotional distress to the Plaintiffs.

17. Defendant's conduct is ongoing as Defendant refuses to cooperate in the investigation of this matter.

18. The Stahulak's boat was purchased for roughly $175,000. A marine surveyor has reported that the boat is totaled. Therefore, the Stahulaks are currently suffering a substantial loss of money from this accident.

WHEREFORE the Plaintiffs, pray for a reimbursement of the expenses emanating from the repair of the boat, for treble damages due to the conduct by U-Haul and/or its renter, for all attorney fees incurred in the prosecution of this action, for all expenses, and for all other just and proper relief in the premises pursuant to Indiana Crime Victim's Relief Act, Ind. Code Ann. § 34-24-3-1.

## COUNT FIVE

### NEGLIGENCE

1-18. Plaintiffs hereby incorporate the allegations in rhetorical paragraphs one through eighteen of Plaintiff's Complaint as rhetorical paragraphs one through eighteen of Count Five of Plaintiff's Complaint.

19. Defendant (1) owed a duty to Plaintiffs to conform its conduct to the standard of care arising from its relationship with the Plaintiffs; (2) defendant failed to conform its conduct to the requisite standard of care required; and (3) Defendant's actions were the cause of foreseeable damages to the Plaintiffs and their property.

20. U-Haul owed a duty that their vehicle be operated in a safe manner so as to refrain from causing property damage to others. U-Haul did not verify its renter's ability to operate the vehicle at issue in a safe manner, and/or did not instruct the renter of additional precautions that must be adhered to due to the physical attributes of the rented vehicle. Each breach of the listed duty caused foreseeable damages to the Plaintiffs' property.

21. U-Haul owed a duty to investigate the incident and discern who the plausible driver/renter was of the vehicle at issue to prevent and remedy damages to the Plaintiffs. U-Haul breached that duty by refusing to participate in a good faith manner in the investigation. U-Haul's refusal has caused the Plaintiffs severe damages.

WHEREFORE the Plaintiffs, pray for a reimbursement of the expenses emanating from the repair of the boat, for treble damages due to the conduct by U-Haul and/or its renter, for all attorney fees incurred in the prosecution of this action, for all expenses, and for all other just and proper relief in the premises pursuant to Indiana Crime Victim's Relief Act, Ind. Code Ann. § 34-24-3-1.

## COUNT SEVEN

## NEGLIGENCE PER SE

1-21. Plaintiffs hereby incorporate the allegations in rhetorical paragraphs one through twenty-one of Plaintiffs' Complaint as rhetorical paragraphs one through twenty-one of Count Seven of Plaintiffs' Complaint.

22. Defendant violated any and all of Michigan City's rules, policies, ordinances, regulations, governing hit and run incidents and incidents involving property damage. Defendant also violated any and all applicable Indiana State laws governing hit and run incidents and incidents involving property damage. Violation of any of the above statutes, coupled with the damage afflicted upon Plaintiffs' property from the conduct results in liability on defendant for said damages.

WHEREFORE, the Plaintiffs, pray for a reimbursement of the expenses emanating from the repair of the boat, for treble damages due to the conduct by U-Haul and/or its renter, for all attorney fees incurred in the prosecution of this action, for all expenses, and for all other just and proper relief in the premises pursuant to Indiana Crime Victim's Relief Act, Ind. Code Ann. § 34-24-3-1.

DOGAN AND DOGAN

By: _____
MATTHEW B. DOGAN
Attorney for Plaintiffs
Attorney I.D. No. 35209-64
6062 Lute Rd
Portage, Indiana 46368
(219) 764-0100
mattdogan@doganlaw.com