STATE OF INDIANA        )          IN THE LAPORTE CIRCUIT/SUPERIOR COURT
                        ) SS:
COUNTY OF LAPORTE       )

CARL STAHULAK, and      )
LINDA STAHULAK,         )
                        )
        Plaintiffs,     )
                        )
v.                      )   Cause No.: 46D01-2202-CT-000215
                        )
                        )
U-HAUL INTERNATIONAL, INC., and )
GEICO MARINE INSURANCE COMPANY  )
                        )
        Defendants.     )

## PLAINTIFFS' FIRST AMENDED COMPLAINT

COME NOW the Plaintiffs, CARL STAHULAK and LINDA STAHULAK, by and through counsel, Attorney Matthew B. Dogan, for their claims against Defendants, GEICO MARINE INSURANCE COMPANY and U-HAUL INTERNATION, INC., and in support thereof, allege and state as follows:

### THE PARTIES

1. At all times relevant herein, Plaintiffs have been residing in Will County, Illinois.

2. At all times relevant hereto, Plaintiffs have owned a certain boat described as a 1990 42' Sea Ray (the "vessel"), that was stored outside in dry dock at Trail Creek Marina located in Michigan City, Indiana.

3. At all times relevant hereto, Defendant, Geico Marine Insurance Company, is and has been an insurance company headquartered in Springfield, Virginia.

4. At all times relevant hereto, Defendant, Geico Marine Insurance Company, is and has been licensed by the Indiana Department of Insurance to issue marine insurance policies to Indiana residents and has been doing business in accordance therewith.

5. At all times relevant hereto, Defendant, U-Haul International, Inc., is and has been a corporation headquartered in Phoenix, Arizona.

## FACTS RELEVANT TO ALL COUNTS

6. On or about November 3, 2021, Plaintiffs' vessel suffered damages due to a collision, as an unidentified U-Haul truck entered Trail Creek Marina after hours and the upper portion of a box attached to said U-Haul truck struck the Plaintiffs' vessel.

7. The impact of the crash caused the vessel to fall from the jack stands supporting the vessel onto the concrete parking lot and caused at least one jack stand to puncture the hull of the vessel.

8. The vessel was clearly struck by a vehicle as glass from the crash was embedded in the anchor mounted on the bow of the boat.

9. The driver of the U-Haul vehicle fled the scene of the accident.

10. The Plaintiffs were informed of the accident by the Harbor Master at Trail Creek Marina and were in no way comparatively nor contributively liable for the accident.

11. U-Haul has been notified of the incident involving their truck and have not assisted in the investigation of the incident in any measurable capacity.

12. Mr. and Mrs. Stahulak incurred great damages due to the Defendants' conduct.

## THE POLICY

13. At all times relevant hereto, Defendant issued a Marine Insurance Policy, Policy Number BUS5400354 to Plaintiffs (the "Policy"), which specifically covered the vessel. [A copy of the renewal Policy, with coverage term of May 21, 2022 to May 21, 2023 is attached hereto and incorporated herein as *Exhibit A*].

14. The Policy provides coverage for damages resulting from a crime.

15. The Policy provides coverage for total loss or for loss when the cost to return the vessel to its pre-loss condition exceeds the value of the vessel.

16. Plaintiffs paid all Policy premiums that became due during the Term, for all coverages and Endorsements.

17. The Policy remained in force throughout the duration of the Term, and thereafter was renewed.

### THE CLAIMS

18. Shortly after the incident, Plaintiffs reported their claim to Defendant.

19. Defendant received timely notice of the damage claim, and further assigned it Claim Number 010224852 0000 001 (the "Claim"), with a date of loss of November 3, 2021.

20. Defendant inspected the vessel and determined that it was a covered loss.

21. Plaintiffs fully complied with all terms and conditions precedent under the Policy pertaining to the provision of coverage and/or the issuance of payment for all losses associated with the Claim.

22. Plaintiffs have not excused Defendant's non-performance of its obligations under the Policy.

23. Plaintiffs have satisfied any and all preconditions to coverage, or to filing suit, or the same have been waived by the Defendant.

24. Plaintiffs have submitted Proof of Loss to Defendant, but Defendant has failed and refused to properly adjust Plaintiffs' claim.

25. Plaintiffs later discovered Defendant hired a surveyor, Mr. Mandigo, that did not hold the appropriate accreditation, in full bad faith. Mr. Mandigo does not hold Society of Accredited Marine Surveyors or National Association of Marine Surveyors certifications.

26. Plaintiffs also discovered that Mr. Mandigo is frequently hired by Defendant.

27. Defendant hired a surveyor, Mr. Mandigo, with substantial monetary interest in drafting favorable opinions to the Defendant, in further bad faith.

28. At all times relevant hereto, Defendant has acted by and through its employees and agents in its handling of the Claim.

### COUNT I – BREACH OF CONTRACT AGAINST DEFENDANT GEICO MARINE INSURANCE COMPANY

1-28. Plaintiffs, repeat and re-allege rhetorical paragraphs 1-28, as if fully reincorporated herein.

29. The Policy is a valid contract ("Contract") between Plaintiffs and Defendant.

30. In addition to the provisions in the Policy, amendments and endorsements, the Contract further includes additional provisions required by law, as well as an obligation by Defendant to exercise a covenant of good faith and fair dealing toward Plaintiffs.

31. Defendant has breached its Contract with Plaintiffs in one or more of the following ways:

   a) Misrepresenting the terms and conditions of coverage;

   b) Failing and refusing to pay for the replacement cost and/or actual cash value and depreciation for Plaintiffs' damaged property;

   c) By failing and refusing to pay Plaintiffs in accordance with certain agreements entered and/or unilaterally terminating and/or breach agreements entered with Plaintiffs regarding their claim;

   d) Misrepresenting Defendant's policies regarding payment of coverages;

   e) Failing and refusing to pay the cost to replace Plaintiffs' damaged property, without legal excuse or justification;

   f) Failing and refusing to pay Plaintiffs pursuant to the replacement cost coverage for which Plaintiffs have paid additional premiums and costs;

  g) Unnecessarily delaying the handling of the Claim, without legal excuse or justification;

  h) Intentionally misleading and/or deceiving Plaintiffs;

  i) Failing and/or refusing to properly inspect and/or investigate the loss; and

  j) Failing to exercise good faith and fair dealing in its handling of Plaintiffs' Claim.

32. As a direct and proximate result of Defendant's breach of contract with Plaintiff, Plaintiff has suffered consequential damages, including but not limited to:

  a) The loss and damage to their property without indemnification provided for in the Policy;

  b) The loss of use of their property and other insurance benefits;

  c) The increased cost to repair and/or replace their property insured;

  d) Depreciated amount of personal property; and

  e) Other consequential damages.

WHEREFORE, Plaintiffs, CARL STAHULAK and LINDA STAHULAK, by and through counsel, respectfully requests judgment in their favor and against Defendant, GEICO MARINE INSURANCE COMPANY, and further request the following relief:

  A. For the reimbursement of the entire policy limit available in the amount of $102,000.00, the "agreed value" of the vessel at issue

  B. For all reasonable compensatory and consequential damages;

  C. For recoverable pre-judgment and post-judgment interest; and recoverable attorney fees and costs;

  D. For all damages available due to Geico Marine Insurance Company's bad faith in handling the Stahulak's claims; and,

E.  For all other just and proper relief in the premises.

### COUNT II – BAD FAITH/BREACH OF COVENANT OF GOOD FAITH AGAINST DEFENDANT GEICO MARINE INSURANCE COMPANY

1-32.  Plaintiff repeats and re-alleges rhetorical paragraphs 1-32, as if fully reincorporated herein.

33.  In addition to breaching its Contract with Plaintiffs, Defendant further breached is covenant of good faith and fair dealing with Plaintiffs in one or more of the following manners:

   a) By making an unfounded refusal to pay policy proceeds to Plaintiff.

   b) By causing an unfounded delay in making payment to Plaintiffs for their damaged property;

   c) By misrepresenting pertinent facts and insurance policy provisions relating to the claims and coverages at issue;

   d) By attempting to exercise any unfair advantage to pressure Plaintiffs into a settlement of their claim;

   e) By failing and refusing to pay Plaintiffs in accordance with certain agreements entered and/or unilaterally terminating and/or breaching agreements entered with Plaintiffs regarding their claim;

   f) By compelling Plaintiffs to institute litigation to protect policy benefits due under the policy, by intentionally and improperly delaying a decision.

34.  Defendant's actions were made in bad faith and/or a breach of covenant of good faith and fair dealing and has resulted in additional injury and damage to Plaintiffs, including but not limited to consequential damages and emotional distress.

WHEREFORE, Plaintiffs, CARL STAHULAK and LINDA STAHULAK, by and through counsel, respectfully requests judgment in their favor and against Defendant, GEICO MARINE INSURANCE COMPANY, and further request the following relief:

A. For all reasonable compensatory and consequential damages at law;

B. For all recoverable punitive damages at law;

C. For recoverable pre-judgment and post-judgment interest; and recoverable attorney fees and costs; and

D. For all other just and proper relief in the premises.

### COUNT III – ACTION FOR CONVERSION AGAINST DEFENDANT U-HAUL INTERNATIONAL, INC.

1-34. Plaintiff repeats and re-alleges rhetorical paragraphs 1-34, as if fully reincorporated herein.

35. Said actions by the Defendant constitute the tort conversion and/or criminal conversion pursuant to Ind. Code 35-43-4-3. "A person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion. Ind. Code. 35-43-4-3. A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so. I.C. 35-41-2-2(b)." Computers Unlimited v. Midwest Data Systems, 657 N.E.2d 165, 170 (Ind. Ct. App. 1995). U-Haul and/or its renter caused the U-Haul vehicle to make unauthorized control over the property of the Stahulak's and caused irreparable damage to their property.

36. Given the facts of the accident and the nature of the damage inflicted upon the Stahulak's property, the driver of the U-Haul vehicle at issue certainly knew his or her vehicle made impact with the Stahulak's property. This impact was not authorized and caused irreparable, permanent damage to the Stahulak's property. U-Haul is also aware which vehicle made contact with the Stahulak's property as damage to the U-Haul truck would have been apparent.

WHEREFORE, the Plaintiffs, CARL STAHULAK and LINDA STAHULAK, pray for a reimbursement of the expenses emanating from the repair of the boat, for treble damages due to the conduct by U-Haul and/or its renter, for all attorney fees incurred in the prosecution of this action, for all

expenses, and for all other just and proper relief in the premises pursuant to Indiana Crime Victim's Relief Act, Ind. Code Ann. §34-24-3-1.

### COUNT IV – CRIMINAL MISCHIEF AGAINST U-HAUL INTERNATIONAL INC.

1-37. Plaintiffs hereby incorporate the allegations in rhetorical paragraphs one through eleven of Plaintiffs' Complaint as rhetorical paragraphs one through eleven of Count Three of Plaintiff's Complaint.

38. Criminal mischief is committed by a person who:

(1) recklessly, knowingly, or intentionally damages or defaces property of another person without the other person's consent; or

(2) knowingly or intentionally causes another to suffer pecuniary loss by deception or by an expression of intention to injure another person or to damage the property or to impair the rights of another person; commits criminal mischief, a Class B misdemeanor. *Lindsey v. Degroot*, 898 N.E.2d 1251, 1263 (Ind. Ct. App. 2009) ""If a person suffers a pecuniary loss as a result of a violation of IC 35-43 . . . the person may bring a civil action against the person who caused the loss." Ind. Code § 34-24-3-1 (2003)." *Lindsey v. Degroot*, 898 N.E.2d 1251, 1263 (Ind. Ct. App. 2009).

39. The instrumentality owned by U-Haul caused the Stahulaks grave pecuniary loss. U-Haul and/or the driver of the U-Haul truck at issue recklessly physically impacted the Stahulaks' boat causing permanent damage to the vessel.

40. U-Haul has impaired the rights of the Stahulaks by knowingly refraining from participating in the investigation into this accident.

41. U-Haul recklessly permitted a driver to rent their vehicle without proper training in driving a vehicle of its type causing the incident at issue in this Complaint.

WHEREFORE the Plaintiffs, pray for a reimbursement of the expenses emanating from the repair of the boat, for treble damages due to the conduct by U-Haul and/or its renter, for all attorney fees incurred in the prosecution of this action, for all expenses, and for all other just and proper relief in the premises pursuant to Indiana Crime Victim's Relief Act, Ind. Code Ann. § 34-24-3-1.

### COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST GEICO MARINE INSURANCE COMPANY AND U-HAUL INTERNATIONAL, INC.

1-41. Plaintiff hereby incorporates the allegations in rhetorical paragraphs one through fifteen of Plaintiff's Complaint as rhetorical paragraphs one through fifteen of Count Four of Plaintiff's Complaint.

42. Defendants and/or its renter engaged in contact that (1) was extreme and outrageous, (2) was intentional and reckless, (3) and caused severe emotional distress to the Plaintiffs.

43. Defendants' conduct is ongoing as Defendant refuses to cooperate in the investigation of this matter.

44. The Stahulaks' boat was purchased for roughly $175,000. A marine surveyor has reported that the boat is totaled. Therefore, the Stahulaks are currently suffering a substantial loss of money from this accident.

WHEREFORE the Plaintiffs, pray for a reimbursement of the expenses emanating from the repair of the boat, for treble damages due to the conduct by U-Haul and/or its renter, for all attorney fees incurred in the prosecution of this action, for all expenses, and for all other just and proper relief in the premises pursuant to Indiana Crime Victim's Relief Act, Ind. Code Ann. § 34-24-3-1.

## COUNT VI – NEGLIGENCE

1-44. Plaintiffs hereby incorporate the allegations in rhetorical paragraphs one through eighteen of Plaintiff's Complaint as rhetorical paragraphs one through eighteen of Count Five of Plaintiff's Complaint.

45. Defendant (1) owed a duty to Plaintiffs to conform its conduct to the standard of care arising from its relationship with the Plaintiffs; (2) defendant failed to conform its conduct to the requisite standard of care required; and (3) Defendant's actions were the cause of foreseeable damages to the Plaintiffs and their property.

46. U-Haul owed a duty that their vehicle be operated in a safe manner so as to refrain from causing property damage to others. U-Haul did not verify its renter's ability to operate the vehicle at issue in a safe manner, and/or did not instruct the renter of additional precautions that must be adhered to due to the physical attributes of the rented vehicle. Each breach of the listed duty caused foreseeable damages to the Plaintiffs' property.

47. U-Haul owed a duty to investigate the incident and discern who the plausible driver and/or renter was of the vehicle at issue to prevent and remedy damages to the Plaintiffs. U-Haul breached that duty by refusing to participate in a good faith manner in the investigation. U-Haul's refusal has caused the Plaintiffs severe damages.

WHEREFORE the Plaintiffs, pray for a reimbursement of the expenses emanating from the repair of the boat, for treble damages due to the conduct by U-Haul and/or its renter, for all attorney fees incurred in the prosecution of this action, for all expenses, and for all other just and proper relief in the premises pursuant to Indiana Crime Victim's Relief Act, Ind. Code Ann. § 34-24-3-1.

## COUNT VII - NEGLIGENCE PER SE

1-21. Plaintiffs hereby incorporate the allegations in rhetorical paragraphs one through twenty-one of Plaintiffs' Complaint as rhetorical paragraphs one through twenty-one of Count Seven of Plaintiffs' Complaint.

22. Defendant violated any and all of Michigan City's rules, policies, ordinances, regulations, governing hit and run incidents and incidents involving property damage. Defendant also violated any and all applicable Indiana State laws governing hit and run incidents and incidents involving property damage. Violation of any of the above statutes, coupled with the damage afflicted upon Plaintiffs' property from the conduct results in liability on defendant for said damages.

WHEREFORE, the Plaintiffs, pray for a reimbursement of the expenses emanating from the repair of the boat, for treble damages due to the conduct by U-Haul and/or its renter, for all attorney fees incurred in the prosecution of this action, for all expenses, and for all other just and proper relief in the premises pursuant to Indiana Crime Victim's Relief Act, Ind. Code Ann. § 34-24-3-1.

### JURY DEMAND

PLAINTIFFS, BY COUNSEL, HEREBY DEMAND TRIAL BY JURY.

Respectfully submitted,

DOGAN AND DOGAN

By: /s/ Matthew B. Dogan
MATTHEW B. DOGAN

Attorney for Plaintiffs
Attorney I.D. No. 4767-45
6062 Lute Road
Portage, Indiana 46368
Telephone: (219) 764-0100
Email: mattdogan@doganlaw.com

## CERTIFICATE OF FILING

*I certify that on April 5, 2024, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS).*

BY: */s/ Matthew B. Dogan*