UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CARL STAHULAK, et al., | |
| Plaintiffs, | |
| v. | Case No. 3:24-CV-825-CCB-SJF |
| GEICO MARINE INSURANCE COMPANY, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Before the Court is Defendant Geico Marine Insurance Company's ("Geico") Motion to Dismiss Count V of Plaintiffs' Amended Complaint. (ECF 14). Based on the applicable law, facts, and arguments, Defendant's Motion to Dismiss for Failure to State a Claim will be **GRANTED**.

**I.    RELEVANT BACKGROUND**

Plaintiffs Carl Stahulak and Linda Stahulak (the "Stahulaks") own a 1990 42' Sea Ray boat. (ECF 1-2 at 6). The boat was insured by Geico and the policy provided coverage for damages resulting from crime and for total loss or loss when the cost to return the boat to pre-loss condition exceeds the value of the boat. (*Id.* at 7, 8). In November 2021, the boat was being stored at the Trail Creek Marina in Michigan City when an unidentified U-Haul truck ran into the Stahulaks' boat. (*Id.* at 7). The impact of the collision caused significant damage to the boat, including puncturing the hull. (*Id.*). The Stahulaks reported their claim to Geico shortly after the incident. (*Id.* at 8). Geico

inspected the boat and concluded that the damage was a covered loss but Geico has refused to properly adjust the Stahulaks' claim. (*Id.*). The Stahulaks allege that Geico, in bad faith, hired a surveyor who lacked the appropriate accreditation. (*Id.*). The Stahulaks have not received the replacement cost or actual cash value of the boat allegedly owed to them by Geico. (*Id.* at 9).

On February 16, 2022, the Stahulaks commenced a lawsuit in Indiana state court against Defendants U-Haul International, Inc. ("U-Haul") and Geico. (ECF 5). Plaintiffs filed an amended state court complaint against Defendants on April 8, 2024, for breach of contract, breach of covenant of good faith, conversion, criminal mischief, intentional infliction of emotional distress, negligence, and negligence per se. (ECF 6). Defendant Geico removed the case to this Court on October 9, 2024 (ECF 1) and filed the instant Motion to Dismiss Count V of Plaintiffs' Amended Complaint under Fed. R. Civ. P. 12(b)(6) on October 22, 2024 (ECF 14). Geico asserts that Count V of Plaintiffs' Amended Complaint for Intentional Infliction of Emotional Distress does not state a claim for which relief can be granted. (ECF 15 at 1).

## II. STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007)); *accord McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2013) (a complaint "must contain 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief"). "[A] formulaic recitation of the elements of a cause of action,"

2

and "naked assertions" without supporting facts are inadequate. *Id.* (quoting *Twombly*, 550 U.S. at 557). A complaint therefore fails to state a claim if it does not "describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests [or] plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal quotations omitted).

When meeting this threshold, however, complaints "do not need to contain elaborate factual recitations." *Sanjuan v. Am. Bd. Of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). Rather, at the motion to dismiss stage, the plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Id.* A court cannot dismiss a complaint for failure to state a claim if, taking the facts pleaded as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A court, however, is "not bound by a plaintiff's legal characterization of the facts or required to ignore facts set forth in the complaint that undermine a plaintiff's claim." *Pearson v. Garrett-Evangelical Theological Seminary, Inc.*, 790 F. Supp. 2d 759, 762–63 (N.D. Ill. 2011).

III.   ANALYSIS

To bring a claim of intentional infliction of emotional distress ("IIED") under Indiana law, a plaintiff must show that the defendant "by extreme or outrageous conduct, intentionally or recklessly caused [the plaintiff] severe emotional distress." *Serino v. Hensley*, 735 F.3d 588, 595 (7th Cir. 2013). The tort "requires conduct that exceeds all bounds usually tolerated by a decent society," which varies with "prevailing

3

cultural norms and values." *Waldrip v. Waldrip*, 976 N.E.2d 102, 117 (Ind. App. 2012); *Branham v. Celadon Trucking Servs., Inc.*, 744 N.E.2d 514, 523 (Ind. Ct. App. 2001). Indiana courts have been reserved in granting relief on claims of IIED, finding liability "only where the conduct has been so outrageous in character, and so extreme in degree, as to . . . be regarded as atrocious, and utterly intolerable in a civilized community." *Conwell v. Beatty*, 667 N.E.2d 768, 777 (Ind. Ct. App. 1996); *see Comfax Corp. v. N. Am. Van Lines,* 587 N.E.2d 118, 126 (Ind. Ct. App. 1992).

Plaintiffs argue in Count V that Defendants "engaged in contact that (1) was extreme and outrageous, (2) was intentional and reckless, (3) and caused severe emotional distress to the Plaintiffs." (ECF 1-2 at 14). Specifically, Plaintiffs allege that Geico's conduct toward the valuation of their boat, including "ignoring the report from a marine surveyor that the boat at issue is totaled," intentionally caused, and continues to cause, them to experience great levels of emotional distress. (ECF 17 at 2). Plaintiffs also allege they suffered damages because of Geico's conduct, stating that they "were forced to continue to pay storage payments for their boat despite the fact that they could not use their boat." (*Id.* at 5).

Geico first argues that the Court should only consider paragraphs one through fifteen of Plaintiffs' amended complaint as allegations incorporated into Count V. (ECF 18 at 2). Geico then argues that even if the Court were to consider paragraphs one through forty-four, the IIED claim still fails because Plaintiffs do not "show how GEICO's alleged conduct was extreme and outrageous and undertaken intentionally or recklessly to cause Plaintiffs to suffer severe emotional distress." (*Id.* at 4).

4

Count V of Plaintiffs' amended complaint states "1-41. Plaintiff hereby incorporates the allegations in rhetorical paragraphs one through fifteen of Plaintiff's Complaint as rhetorical paragraphs one through fifteen of Count Four of Plaintiff's Complaint." (ECF 1-2 at 14). This sentence is confusing and seemingly inconsistent, but in their Response, Plaintiffs indicate that they intended on incorporating paragraphs one through forty-four in the claim for IIED. (ECF 17 at 2). At the motion to dismiss stage, "the plaintiff is entitled to all reasonable inferences that can be drawn from the complaint." *Bontkowski v. First Nat. Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). Therefore, the Court will consider paragraphs one through forty-four when analyzing the motion to dismiss Count V.

Even when considering paragraphs one through forty-four, however, Plaintiffs fail to meet the "rigorous" requirements of proving IIED. *Ledbetter v. Ross*, 725 N.E.2d 120, 124 (Ind. App. Ct. 2000). Geico's conduct, as alleged by Plaintiffs, does not rise to the level of conduct exceeding all bounds usually tolerated by a decent society, nor would it be regarded as atrocious or utterly intolerable. *Waldrip*, 976 N.E.2d at 117; *Beatty*, 667 N.E.2d at 777. Plaintiffs have also not presented any evidence substantiating the kind of "severe emotional distress" necessary for an IIED claim. *See Jimenez v. CRST Specialized Transp. Mgmt., Inc.*, 213 F. Supp. 3d 1058, 1066 (N.D. Ind. 2016). Further, Plaintiffs have not shown that Geico refused to adjust their claim with the *intent* to harm them emotionally, "which constitutes the basis for the tort of intentional infliction of emotional distress." *Curry v. Whitaker*, 943 N.E.2d 354, 361 (Ind. Ct. App. 2011). Plaintiffs just formulaically recite the elements for an IIED claim without sufficient

supporting facts, which is inadequate to support a plausible claim for relief. *Iqbal*, 556 U.S. 662 at 678. Plaintiffs have not alleged enough facts to push their IIED claim across the line from conceivable to plausible, therefore, Defendant's motion to dismiss for failure to state a claim is GRANTED. *Twombly*, 550 U.S. at 570

### IV. CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss Count V of Plaintiffs' First Amended Complaint is **GRANTED**. (ECF 14). Count V of Plaintiffs' First Amended Complaint is **DISMISSED**.

SO ORDERED on June 11, 2025.

       */s/ Cristal C. Brisco*
       CRISTAL C. BRISCO, JUDGE
       UNITED STATES DISTRICT COURT